UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFERY L. THOMPSON,

  Plaintiff,

  v.                Case No. 12-C-844

WARDEN ROBERT HUMPHREYS,
UNKNOWN RECORDS CUSTODIAN,
WISCONSIN DEPARTMENT OF CORRECTIONS,

  Defendants.

## SCREENING ORDER

  Plaintiff Jeffery Thompson, currently a prisoner at New Lisbon Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for a violation of his constitutional rights. Thompson alleges that he was confined at Racine Correctional Institution for a period of eighty-eight days after the completion of previously imposed sentences. He claims that such confinement violates his Eighth Amendment right to be free of cruel and unusual punishment. He has paid the full filing fee.

  Regardless of a plaintiff's fee status, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

As indicated above, Thompson seeks damages for the period of time he was kept in custody after his earlier sentences were completed. Incarcerating a prisoner beyond the termination of his sentence without penological justification can violate the Eighth Amendment prohibition of cruel and unusual punishment if it is the product of deliberate indifference. *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001); *see also Russell v. Lazar*, 300 F. Supp. 2d 716, 720 (E.D. Wis. 2004). Here, Thompson has alleged that his confinement exceeded the sentences that were properly imposed. The weakness in his case seems to be that he has failed to allege, at least in specific terms, that his continued confinement was the result of deliberate indifference on the part of a named individual defendant. He has named Robert Humphreys, the warden at Racine Correction Institution, where the "holding past maximum discharge occurred." (Compl. at 2.) There is no allegation in the complaint, however, from which it could be inferred that Warden Humphreys knew anything about Thompson's situation. Absent evidence that Warden Humphrey's knew that Thompson was continued in custody after his sentence expired, Thompson cannot prevail on his claim against him. *See Campbell*, 256 F.3d at 700 (noting that "the extended incarceration must also be the product of deliberate indifference before a constitutional violation, as opposed to an error of state law, is implicated").

This is not a reason to dismiss the case at the screening stage, however. Thompson alleges that it is obvious that no one from DOC took the time to look through his file and actually calculate the days he spent in custody. He claims that no action has been taken to rectify these errors to date. In an accompanying affidavit, he states that while confined at Racine Correctional Institution, he sent interview requests and other correspondence to staff informing them of his illegal detention,

2

but no action was taken until after he spent an additional 88 days in custody. Discovery may enable Thompson to name these individuals as defendants or to develop evidence sufficient to support his claim against the warden.

The Seventh Circuit has made clear that "when the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). The Court explained in *Donald* the various means a district court should consider to ensure that the claims of a pro se litigant are given a fair and meaningful consideration:

> Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means. A plaintiff's failure to explicitly name a John or Jane Doe defendant in the caption of the complaint does not relieve the district court of its responsibility to assist the pro se plaintiff who confronts barriers to identifying the appropriate defendants.

*Id.* at 556; *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 788-90 (7th Cir. 1995) (duty of district court to assist prisoner plaintiff in making the investigation necessary to identify proper defendants); *Chavis v. Rowe*, 643 F.2d 1281, 1290 n. 9 (7th Cir. 1981) (pro se plaintiff's failure to name a particular defendant in connection with one of his claims no bar; current defendant could readily determine who would bear responsibility); *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981) ("understandable that a pro se litigant would name only the administrative officer,

3

whose identity he knows, as a defendant in his civil rights lawsuit"; "district court should proceed on the claim and allow the named defendant to assert his own noninvolvement, if that is the case, and designate those who would likely have been responsible for whatever deprivation may have occurred").

With these admonitions in mind, I conclude that Thompson's claim against the Warden should be allowed to proceed with the expectation that the Warden is in a position to identify the individuals, if any, who received Thompson's correspondence concerning his sentence or were otherwise involved in calculating his release date. Further, I direct the Warden, or his designee, to identify to Thompson the person or persons, if any, who appear to have been involved. Of course, if Thompson's basic claim that he was continued in custody after his sentences expired is mistaken, the defendants can seek early summary judgment on that basis instead. In any event, the case will proceed for now with the understanding that Thompson will eventually have to name the individuals who he claims were deliberately indifferent to his continued wrongful incarceration.

Thompson has also named as defendants Racine Correctional Institution and the Wisconsin Department of Corrections. Racine Correctional Institution and the Wisconsin Department of Corrections will be dismissed. Both are entities of the State of Wisconsin, and the State is not a proper person subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). In all other respects, the case will go forward.

**IT IS THEREFORE ORDERED** that plaintiff's claims against Racine Correctional Institution and the Wisconsin Department of Corrections are dismissed. The case will proceed against the remaining defendants and pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of plaintiff's complaint and this order are

4

being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is currently confined.

**IT IS ALSO ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> Jefferson Court Building
> 125 S. Jefferson St., Suite 102
> Green Bay, Wisconsin 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Copies of pleadings and correspondence filed with the Court need not be served on opposing counsel, since they will be electronically scanned and counsel will receive notice through the electronic case filing system. Discovery requests should be sent to counsel for the defendants, however, and not filed with the Court unless plaintiff has need to file a motion to compel discovery. The plaintiff should also retain a personal copy of each document he sends to the Court or counsel. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties, and even lead to sanctions, including dismissal for failure to prosecute.

Dated at Green Bay, Wisconsin, this __6th__ day of September, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District Judge